Richard W. Maki, Esq.
Tindall Bennett & Shoup
508 W. 2nd Avenue, 3rd Fl.
Anchorage, AK 99501
Phone: 907/278-8533 Fax: 907/278-8536

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| GREAT PACIFIC SEAFOODS, INC., | ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. _____ |
| M/V KATELLA, official no. 613587, in rem; and CARL ETHERIDGE, individually, | ) ) ) | |
| Defendants. | ) ) | |

## **VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiff Great Pacific Seafoods, Inc., by and through counsel, complains as follows:

### **Jurisdiction**

1. At all times hereinafter mentioned, plaintiff Great Pacific Seafoods, Inc. ("Great Pacific"), was and is a corporation in good standing organized under the laws of the State of Washington. Its principal place of business is Seattle, Washington.

2. Defendant M/V Katella, official no. 613587, is an ocean-going fishing tender vessel operating out of ports in the State of Alaska and within the navigable waters of this district within the jurisdiction of this Court.

3. Defendant Carl Etheridge is a citizen of Whittier, Alaska. He owns the M/V

1

Katella.

4. Great Pacific has a maritime lien against the M/V Katella and therefore files this complaint to enforce its lien. This Court has admiralty or maritime jurisdiction over the claims asserted by Great Pacific against the M/V Katella under 28 U.S.C. § 1333(1) and 46 U.S.C. § 31342.

5. Great Pacific also has breach of contract claims against Etheridge for money owed. By virtue of diversity of citizenship, this Court has jurisdiction over the claims asserted by Great Pacific against Etheridge under 28 U.S.C. § 1332. Great Pacific's claims against Etheridge exceed the jurisdictional amount of $75,000.

### Count I:
### Maritime Lien Under 46 U.S.C. § 31342.

6. Great Pacific restates paragraphs 1 through 5, above.

7. Great Pacific purchases, processes, and resells fish and fish product. For a number of years, Great Pacific chartered the services of the M/V Katella for each summer commercial fishing season to serve as a tender for the purchase of fish caught in Prince William Sound. Pursuant to this arrangement, the M/V Katella received fish from the fishermen, then transferred those fish to Great Pacific for processing and shipment.

8. Beginning in November 2007 and continuing through May 2009, Great Pacific advanced funds totaling $70,500 to the M/V Katella at the request of her owner (defendant Etheridge) to pay for necessaries, including repairs, for the vessel to allow her to function as a fish tender.

9. Beginning in May 2008 and continuing through June 2009, Great Pacific paid various companies directly for necessaries, including repairs, labor, and parts, provided to

2

the M/V Katella. The payments total $85,147.11. Great Pacific paid those expenses at Etheridge's request for the benefit of the vessel.

10. Etheridge has repaid $101,354.18 of those total expenses, leaving a balance owed of $54,292, despite a demand for payment.

11. Great Pacific has a maritime lien under 46 U.S.C. § 31342.

12. Great Pacific is entitled to an order commanding the United States Marshall to seize, arrest, and sell the M/V Katella to satisfy the lien, such arrest and sale to include the vessel, her engines, tackle, equipment and furnishings, etc.

## Count II:
## Breach of Contract

13. Great Pacific restates paragraphs 1 through 12, above.

14. Pursuant to a Secured Promissory Note dated January 31, 2009, Great Pacific loaned Etheridge $130,000 for purposes of repaying an outstanding preferred marine mortgage held on the M/V Katella by Prince William Sound Fisheries, LLC. The promissory note obligates Etheridge to repay Great Pacific the principal amount loaned ($130,000), plus 10% interest per annum, late charges, and other sums owing to Great Pacific under the parties' charter arrangement. Such other sums include the advances and payments for necessaries detailed above. Etheridge owes Great Pacific in excess of $195,000, the exact amount to be proved at trial.

15. Under the terms of the promissory note, Etheridge was obligated to pay Great Pacific a minimum of $20,000 plus accrued interest on the 30th day of November of each year beginning November 30, 2009, until the entire amount was repaid. Etheridge breached that provision of the promissory note by failing to pay the required amount when

3

due on November 30, 2009.

16. The promissory note provides for a late charge of 5% of the amount due in the event payment is not made with ten days of the due date.

17. The promissory note provides that a failure to make a payment when due constitutes a default authorizing Great Pacific to declare the entire unpaid balance immediately due and payable.

18. The promissory note provides for a default interest rate of 14% per annum.

19. The promissory note provides that the entire unpaid balance shall be due and payable in the event Etheridge ceases or declines to provide tender services for Great Pacific's benefit. Despite request, Etheridge has declined to provide tender services for Great Pacific for the 2010 summer commercial fishing season.

20. The promissory note provides that the entire unpaid balance shall be due and payable upon the charter of the M/V Katella. Upon information and belief, Etheridge has chartered the M/V Katella to another party for the 2010 summer commercial fishing season.

21. Etheridge owed contractual obligations to Great Pacific under the promissory note, and he breached those obligations by failing to pay the amount owed when due, thereby causing Great Pacific damages.

22. Under the terms of the promissory note, the entire amount owed is due and payable, including principal, other advances, interest, late charges, and default interest.

23. Great Pacific is entitled to an award of damages in excess of $195,000, the exact amount to be proved at trial.

24. The promissory note further obligates Etheridge to pay the costs and attorney's

4

fees incurred by Great Pacific in pursuing this action to collect on the note.

## Prayer for Relief

Great Pacific prays for the following relief:

1. Issuance of process against the M/V Katella authorizing the arrest and sale of the vessel.

2. Judgment in favor of Great Pacific Seafoods, Inc., in the amount of its claim against the F/V Katella, and issuance of process authorizing and directing the United States Marshal to arrest and sell the M/V Katella to satisfy the lien, such arrest and sale to include the vessel, her engines, tackle, and appurtenances, and to give notice to all persons having an interest in the property under seizure by publication in a newspaper of general circulation in the judicial district where the vessel was arrested.

3. Judgment in favor of Great Pacific Seafoods, Inc., against Carl Etheridge in an amount in excess of $195,000, the exact amount to be proved at trial, plus interest.

4. An award of attorney's fees and costs.

5. Such other relief as the Court may deem fair and equitable.

DATED at Anchorage, Alaska, this 18th day of May, 2010.

TINDALL BENNETT & SHOUP, P.C.
Attorneys for Plaintiff

By: _____/s/ Richard W. Maki_____
      Richard W. Maki, ABA No. 8211126
      Tindall Bennett & Shoup, P.C.
      508 W. 2nd Avenue, 3rd Floor
      Anchorage, AK 99501
      Phone: 907/278-8533
      Fax: 907/278-8536
      E-mail: Maki@Tindall-law.com

5

## Verification

I, Roger Stiles, being first duly sworn on oath, hereby state as follows:

1.  I am employed by the Plaintiff in this action, Great Pacific Seafoods, Inc., and hold the position and title of General Manager.

2.  I have read the foregoing Complaint and the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Roger Stiles, General Manager
for Great Pacific Seafoods, Inc.

SUBSCRIBED AND SWORN to before me this _18_ day of May, 2010.

Maureen Brackett

Notary Public in and for Washington
My commission expires: _07-03-2011_

6